UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LATINA ROSHAONDA JONES,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:17-cv-01697-JDE<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Latina Roshaonda Jones ("Plaintiff") filed a Complaint on August 22, 2017, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on May 17, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

## I.
## BACKGROUND

On October 2, 2013, Plaintiff applied for DIB and SSI, alleging disability beginning January 1, 2010. Administrative Record ("AR") 30, 202-29. After her applications were denied initially (AR 101-02) and on reconsideration (AR 103-34), Plaintiff requested an administrative hearing, which was held on March 2, 2016. AR 30, 48. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert, Elizabeth Ramos. AR 50-85.

On March 21, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 30-43. The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. AR 32. The ALJ determined that Plaintiff suffered from the following severe impairment: an affect disorder. AR 32-33. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 33-34. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: Plaintiff could (1) understand, remember, and carry out instructions; (2) perform simple, routine tasks; (3) have incidental contact only with coworkers; and (4) have incidental contact only with the public. AR 34. The ALJ determined that Plaintiff – at 28 years old on the alleged disability onset date – was defined as a younger individual, and that she had no past relevant work. AR 41-42. However, the ALJ concluded she was capable of performing jobs that exist in significant numbers in the national economy, including: table worker (Dictionary of Occupational Titles ["DOT"] 739.687-182); assembler (DOT 739.684-094); and loader (DOT 726.687-030). AR 42-43. The ALJ concluded that Plaintiff was not under a disability since the alleged onset date. AR 43.

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 199, 312-13. On June 29, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. This action followed.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is

harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.
## DISCUSSION

The parties present one disputed issue: whether the ALJ properly considered the psychiatric consultative examining opinion of Dr. Nenita Belen. Jt. Stip. at 4.

### A. Applicable Law

In deciding how to resolve conflicts between medical opinions, the ALJ must consider that there are three types of physicians who may offer opinions in Social Security cases: (1) those who directly treated the plaintiff, (2) those who examined but did not treat the plaintiff, and (3) those who did not treat or examine the plaintiff. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). Treating physician's opinion are entitled to greater weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Id. "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Id. For instance, "[t]he ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). To reject the uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by

4

substantial evidence." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005). Where the treating physician's opinion is contradicted by another physician's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." <u>Id.</u>

Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. <u>Bayliss</u>, 427 F.3d at 1216. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006) (citing <u>Lester</u>, 81 F.3d at 831); <u>Morgan v. Comm'r Soc. Sec. Admin.</u>, 169 F.3d 595, 602 (9th Cir. 1999).

**B.     Analysis**

On March 11, 2014, Dr. Belen conducted a complete psychiatric consultative examination of Plaintiff. AR 376-380. Plaintiff's chief complaints were feeling suicidal, poor sleep, irritability, anger outbursts, engaging in fights, and smacking others in the face. AR 376-77. She was cooperative and established rapport with Dr. Belen. AR 376. Dr. Belen noted Plaintiff's history of alcohol and amphetamine abuse, but also noted that Plaintiff said she had been sober for six years. AR 377. When Plaintiff was 16, she had a stillborn child. AR 376. Since that time, she has felt suicidal, but she continually expressed that she would not hurt herself because of her three children. AR 376, 379. Her children are ages eight, eleven, and fourteen. AR 377. She lives with and cares for them as a single mother. <u>Id.</u> Dr. Belen also noted Plaintiff's history includes adequate self-care skills of dressing, bathing, eating, toileting, and safety precautions. <u>Id.</u> She can shop, cook, manage her own money, and go places by herself. AR 377-78, 380.

During the examination, Plaintiff demonstrated normal psychomotor activity, with no evidence of involuntary movements. AR 376. Her speech was

fluent, coherent, and relevant. AR 378. Her thought processes were linear and goal-directed, without looseness of associations, flight of ideas, racing thoughts, thought blocking, thought insertions, thought withdrawal, or thought broadcasting. Id. There was no evidence of auditory or visual hallucinations, delusions, or illusions. Id. Plaintiff did not report obsessions, compulsions, or paranoia. Id. She denied current suicidal or homicidal ideations. Id. She was alert and oriented to person, place, time, and situation. Id.

Dr. Belen diagnosed Plaintiff with a mood disorder, unspecified, ruled out bipolar disorder, and estimated a Global Assessment of Functioning ("GAF") score of 55.[1] AR 379. Dr. Belen concluded that Plaintiff would have moderate limitations in her ability to: maintain social functioning; perform detailed and complex tasks; perform work activities on a consistent basis without special or additional supervision; complete a normal workday or work week; accept instructions from supervisors and interact with coworkers and the public; and handle the usual stresses, changes, and demands of gainful employment. Id. Dr. Belen noted that Plaintiff had been adhering to her medications and reported that she felt they helped control her temper as well as function as a mother. Id. Dr. Belen opined that prognosis was "good" with continued treatment compliance. Id.

The ALJ set forth a detailed summary of Dr. Belen's examination and gave her opinion "partial but not great weight." AR 38. The ALJ found Dr. Belen's assessment was inconsistent with the totality of the evidence. Id. The ALJ noted Plaintiff's report to Dr. Belen that medication helped control her symptoms. Id. The ALJ also did not find as many limitations as cited by Dr. Belen. Id. The ALJ found Plaintiff's activities were inconsistent with Dr.

---

[1] The ALJ explained that, under the Diagnostic & Statistical Manual of Mental Disorders ("DSM") (4th Ed.), a GAF score of 51 to 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. AR 37 n.5.

Belen's assessed moderate limitations on Plaintiff's ability to perform work activities on a consistent basis without special or additional supervision, and in a completing a normal workday or work week. Id. The ALJ reasoned that Plaintiff was able to take care of three children as a single parent, including providing for them, taking them to school and observing them in the classrooms, playing with them after school, and helping them with homework, on her own. Id. Finally, the ALJ explained that she does not give significant weight to GAF scores. AR 41. The ALJ explained the problems with GAF-score reliability and noted that they do not speak directly to a claimant's work capacity. Id. The ALJ further explained that GAF does not predict prognosis or treatment outcomes, and in 2013 the DSM-V eliminated GAF scales due to widespread concern about standardization, disparity between ratings, and unclear instructions of the GAF. Id.

Plaintiff contends that the ALJ improperly discounted Dr. Belen's opinion due to her ability to care for her children. Jt. Stip. at 7-8, 15. Even assuming the ALJ properly relied on that factor, Plaintiff also contends that the ALJ's implicit rejection of other moderate limitations outlined by Dr. Belen was improper. Jt. Stip. at 8-10.

An ALJ is permitted to reject a physician's opinion that is unsupported by the record as a whole. Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). Here, Dr. Belen's examination indicated that Plaintiff was taking Risperdal, divalproex, and sertraline. AR 377. Dr. Belen found that Plaintiff was adhering to her medication and noted that Plaintiff admitted it controlled her temper and ability to function. AR 379. Dr. Belen also indicated that Plaintiff is "willing to stay on her treatment" despite the side-effect of weight gain. Id. Dr. Belen further found Plaintiff's prognosis "good" if she complies with treatment. Id. The ALJ properly relied on this aspect of Dr. Belen's opinion, and its inconsistency with the totality of the evidence,

including Dr. Belen's own findings. <u>Shavin v. Comm'r Soc. Sec. Admin.</u>, 488 F. App'x 223, 224 (9th Cir. 2012) (ALJ may reject physician's opinion by "noting legitimate inconsistencies and ambiguities in the doctor's analysis or conflicting lab test results, reports, or testimony" (internal citation omitted)); <u>Warre v. Comm'r Soc. Sec. Admin.</u>, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled with treatment are not disabling).

The ALJ also properly relied on Plaintiff's admitted activities, namely her ability to care for herself and her children, for two separate reasons. AR 38. First, Dr. Belen found in the evaluation that Plaintiff "is intellectually and psychologically capable of performing activities of daily living." AR 379. This finding – that Plaintiff is essentially unlimited in her activities – is internally inconsistent with Dr. Belen's own assessment of moderate limitations. <u>Shavin</u>, 488 F. App'x at 224; <u>see also</u> <u>Morgan</u>, 169 F.3d at 601-03 (ALJ may reject a medical opinion that is internally inconsistent).

Second, Dr. Belen's assessed limitations are inconsistent with the activities themselves. (AR 38); <u>See</u> <u>Wilhelm v. Comm'r Soc. Sec. Admin.</u>, 597 F. App'x 425, 425 (9th Cir. 2015) (ALJ properly discounted doctor's opinion because it was inconsistent with claimant's actual activities); <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1162 (9th Cir. 2014) (inconsistency between physician's opinion and claimant's activities may justify rejection of opinion). Here, as noted in Dr. Belen's evaluation and in the ALJ's decision, Plaintiff single-handedly (and by all accounts successfully) runs her household and cares for three young children. Plaintiff reported getting her children ready for school and taking them there, with one child each at the elementary, middle, and high schools. AR 74-75, 77. She helps her children at school and talks with their teachers on a daily basis. AR 75-76. She also applied to be assistant at her child's school. AR 76. After the kids get out of school, she does whatever they want, including taking them to the jumper, going shopping, or doing whatever

makes them happy. AR 77. She explained: "All I do . . . is spend time with my kids[.]" AR 75. They get around town by cab, bus, or walking. AR 78. Plaintiff also reported helping her children with their homework, as well as performing household tasks such as shopping, laundry, and cooking. AR 78-79. Accordingly, the ALJ's finding has ample support in the record, and she properly relied on this factor in discounting Dr. Belen's opinion. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly discounted restrictions in physician's opinion because they "appear[ed] to be inconsistent with the level of activity that [claimant] engaged in by maintaining a household and raising two young children, with no significant assistance from her ex husband"); Morgan, 169 F.3d at 600 (ALJ properly determined that claimant's "ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child served as evidence of [claimant]'s ability to work").

Finally, the ALJ properly declined to give significant weight to Dr. Belen's moderate GAF score assessment. AR 37, 41. The DSM's elimination of GAF scores is substantial evidence supporting the ALJ's finding. See Hudson v. Berryhill, 2018 WL 1092487, at *10 (D. Or. Feb. 28, 2018) (ALJ provided proper reason for rejecting GAF score: "namely that the . . . DSM-V . . . has stopped using GAF scores"); Mullins v. Comm'r Soc. Sec., 2018 WL 2460320, at *6 (E.D. Wash. Mar. 13, 2018) (noting that "[t]he Commissioner has explicitly disavowed use of GAF scores as indicators of disability . . . [and] the GAF scale is no longer included in the DSM-V"); see also McFarland v. Astrue, 288 F. App'x 357, 359 (9th Cir. 2008) (noting that GAF scores lack a direct correlation to the severity requirements in mental disorders listings).

Contrary to Plaintiff's assertion, the ALJ did not "implicitly" reject the other moderate limitations assessed by Dr. Belen. Jt. Stip. at 8-10. The ALJ explicitly stated that she "[did] not find as many moderate limitations as Dr. Belen cited." AR 38. Further, the ALJ partially credited Dr. Belen's opinion,

9

and incorporated limitations into the RFC restricting Plaintiff to "simple, routine tasks," and only incidental contact with coworkers and the public. AR 34. Moreover, in finding Plaintiff could perform jobs that exist in significant numbers in the national economy, the ALJ specifically took into consideration that Plaintiff's ability to perform work at all exertional levels was "compromised by her nonexertional limitations," and limited Plaintiff to three unskilled jobs. AR 42. The ALJ did not need to discuss every aspect of Dr. Belen's extensive evaluation, or every other piece of evidence. See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[I]n interpreting the evidence and developing the record, the ALJ does not need to discuss every piece of evidence." (internal quotation marks and citation omitted)); see also Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."). Further, the ALJ's analysis constituted a rational interpretation of the evidence. See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld.").

The Court finds that the ALJ did not err by only partially crediting Dr. Belen's opinion. Accordingly, reversal is not warranted.

## IV.
## ORDER

IT THEREFORE IS ORDERED that judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: June 28, 2018

_____
JOHN D. EARLY
United States Magistrate Judge